THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, v. HANFORD WEST, RESPONDENT.

*Constitutional law — the legislature may prohibit the delivery of diluted milk to cheese or butter manufactories — 1884, chap. 202, sec. 3, and chapter 183 of 1885 — an indictment need not negative facts which are matters of defense.*

Section 3 of chapter 202 of 1884, as re-enacted by chapter 183 of 1885, providing that "no person or persons shall sell, supply, or bring to be manufactured to any butter or cheese manufactory, any milk diluted with water, or any

unclean, impure, unhealthy, adulterated or unwholesome milk," is constitutional and valid.

*People* v. *Cipperly* (37 Hun, 319; dissenting opinion, LEARNED, P. J., adopted by Ct. of App., 101 N. Y., 634); *Powell* v. *Commonwealth* (Sup. Ct. of Pa., 26 Am. Law Reg., 83 and note); *Commonwealth* v. *Evans* (132 Mass., 11); *State* v. *Smyth* (14 R. I., 100) followed, and *In re Jacobs* (98 N. Y., 98) distinguished.

To an indictment which alleged all the facts necessary to constitute the offense, as defined by the statute, the defendant demurred for the reason that, for aught that was alleged therein, the factory to which the milk was brought was a private factory, used by the defendant alone, and that the cheese was not to be manufactured for the market, and that no third person could be injured by the act charged against the defendant.

*Held,* that if any of these circumstances existed, they were matter of defense and need not be negatived by the indictment.

APPEAL from a judgment of the Court of Sessions of Erie county, sustaining a demurrer to the indictment herein.

*George T. Quinby,* district attorney, for the appellant.

*A. I. Knight,* for the respondent.

SMITH, P. J.:

The indictment charges that at the town of Sardinia, Erie county, on the 8th day of July, 1886, the defendant "did wrongfully, unlawfully, and knowingly supply and bring, to be manufactured into cheese, to a cheese manufactory, then and there situate, a certain quantity of milk, to wit, ten gallons, which said milk was then and there diluted with water; the said Hanford West then and there bringing the said milk, so diluted, to the factory, for the purpose of having the same manufactured into cheese, contrary to the form of the statute," etc.

The third section of chapter 202 of the Laws of 1884, entitled "An act to prevent deception in sales of dairy products," provides, among other things, that "no person or persons shall sell, supply, or bring to be manufactured, to any butter or cheese manufactory, any milk diluted with water, or any unclean, impure, unhealthy, adulterated, or unwholesome milk," etc. And it provides that whoever violates the provisions of said section shall be guilty of a misdemeanor.

The same provisions are contained in the third section of chapter 183 of the Laws of 1885, entitled "An act to prevent deception in

the sale of dairy products, and to preserve the public health," being supplementary to and in aid of the act first above referred to.

If these statutes are a valid exercise of legislative power, the act charged in the indictment is a misdemeanor. The defendant's counsel contends that the statutes violate the constitutional provision that no person shall be deprived of his property or liberty without due process of law, and are therefore void. One object of the statutes referred to is to protect the public health. Although that purpose is not specified in the title of the earlier act, it appears very clearly from many of its provisions, and it is specified in the title to the act of 1885, which is declared to be in aid of the former act, and which re-enacts most of its provisions, in *hæec verba*, including the section under which the indictment is framed. To that end, the legislature has power to prevent, by reasonable enactments, the sale, or the putting on the market of articles of food which are deleterious to public health, by reason of impurity, adulteration, or any unwholesome quality or condition. It is for the legislature, and not for the courts, to decide whether the impure or adulterated article, the sale of which is prohibited, is or is not injurious to the public health. (*People* v. *Cipperly*, 37 Hun, 319; dissenting opinion of LEARNED, P. J. [p.327], adopted by the Court of Appeals, 101 N. Y., 634; *Powell* v. *Commonwealth*, Sup. Ct. of Pa., 26 Am. L. Reg., 83 and note.) The dilution of milk with water is an adulteration. One of the definitions of the term "adulterate," given by Worcester, is "to corrupt by some foreign mixture, or by intermixing what is less valuable." And section 13 of the act of 1884 clearly implies that the law makers regarded milk diluted with water as adulterated. Likewise, section 16 of the act of 1885. Another object intended to be accomplished by the statutes referred to, as is indicated by the title of each of them, is "to prevent deception in sales of dairy products." Both the objects of the statutes are had in view by the provision prohibiting the selling or furnishing of milk adulterated by dilution with water, to a cheese or butter factory, to be manufactured into cheese or butter. The difficulty of detecting the deception in the manufactured article undoubtedly led to the enactment. The case is not analagous to that of *In re Jacobs* (98 N. Y., 98), cited by the defendant's counsel, where a statute passed ostensibly for

the public health, was declared unconstitutional on the ground that it had no relation to the subject.

In *Commonwealth* v. *Waite* (11 Allen, 264), where a similar enactment to the one in hand was upheld, the court said : "It is notorious that the sale of milk adulterated with water is extensively practiced with a fraudulent intent. It is for the legislature to judge what reasonable laws ought to be enacted to protect the people against this fraud, and to adapt the protection to the nature of the case." Similar statutes prohibiting the sale of milk reduced below a certain standard on account of the presence of water were held constitutional in *Commonwealth* v. *Evans* (132 Mass., 11) and *State* v. *Smyth* (14 R. I., 100); and see *The People* v. *Cipperly* (*supra*) and *People* v. *Schaeffer* (41 Hun, 24).

The defendant's counsel contends that the indictment is demurrable for the reason that for aught that is alleged in it the factory to which the milk was brought was a private factory, used by the defendant alone, and the cheese was not to· be manufactured for the market, and no third person could be injured by the act charged against the defendant. We are of the opinion that if any of the circumstances suggested exist, they are matter of defense. They need not be negatived by the indictment. As that alleges all the facts necessary to constitute the offense, as defined by the statute, it is sufficient. Even if the cases supposed had been excepted from the operation of the statute by its own terms, it would have been incumbent on the defendant to show that his case is within one of the exceptions. (*People* v. *Walbridge*, 6 Cow., 513 ; *Fleming* v. *The People*, 27 N. Y., 329.)

We think the judgment should be reversed and the case remitted to the Court of Sessions, with directions to overrule the demurrer and require the defendant to plead to the indictment.

HAIGHT and BRADLEY, JJ., concurred ; BARKER, J., not voting.

So ordered.